## Houston v. Pritchett, et al.

(Decided November 9, 1926.)

### Appeal from Fayette Circuit Court.

1. Deeds.—Widow's deed of dower interest to son and his wife in consideration of conveyance by them of fee, in case they die childless, containing provision in warranty clause that any children surviving them should have fee simple in tract conveyed, held merely to limit their warranty and not to vest interest in child unborn at widow's death.

2. Deeds.—Clause limiting general warranty of title will not be read as creating estate not created by previous part of deed, unless required by its language.

3. Deeds.—A deed generally passes only what is named in granting clause.

THOMPSON & THOMPSON and HUNT, NORTHCUTT & BUSH for appellant.

H. E. ROSS and GEORGE C. WEBB for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Robert Pritchett died in the year 1870 the owner of
132 acres of land in Fayette county. He left surviving
him a son, Arnett Pritchett, and his wife Margaret A.
Pritchett. The wife and son continued to live on the land
for some years, no dower being assigned to the wife.
Arnett Pritchett married and on the 17th day of Septem-
ber, 1890, a deed was executed by the parties which sets
out the above facts, and shows that by agreement of
parties 44 acres of the land described therein by metes
and bounds were set apart to the widow as her dower and
the remainder of the land, 88 acres, went to the heir.
The deed then contains the following provisions:

"Now in consideration of the covenants and
agreements the conveyance herein contained as a
part of said Arnett to the said Margaret, the said
Margaret doth bargain, sell and convey to the said
Arnett her said dower interest in the said land to
him and his said wife for and during their said lives
and the life of the survivor and doth deliver to them
the immediate possession thereof and at their death
to any child or children that said Arnett may have
living at their death.

"And the said Arnett in consideration thereof
doth hereby acquit the said Margaret of all claims
and demand he may have against her for services
rendered or money paid for him and all claims he
may have against the said Margaret of whatever
description he now may have against her this shall
be a full discharge thereof and acquittance to the
said Margaret.

"And the said Arnett and Columbia, his wife,
for the above described consideration do now sell
and convey to the said Margaret, to take effect on
the death of said Arnett and wife in case they shall
die without a child or children of said Arnett living
at their death, all that said land embraced in the said
dower land to have and to hold the same to her and
her heirs forever, and the said Arnett and wife do
covenant with the said Margaret that they will de-
fend the title to the said land that is the said re-
mainder interest therein after the termination of
said lives, leaving no child of said Arnett living to

her and her heirs forever to this covenant they bind themselves, executors and administrators forever, should, however, there 'be such child of the said Arnett living at the death of said Arnett and wife the said child or children shall have a fee simple in the said tract of land.''

Margaret A. Pritchett died in the year 1918, and after this Arnett Pritchett and wife conveyed the land to Joe Houston for value. This action was brought under the Declaratory Judgment Act to obtain the judgment of the court as to whether Houston obtained a good title by his deed from Arnett Pritchett and wife. They are now sixty-four years of age and have no children. The circuit court held that the purchaser's title was good and he appeals.

Section 2341, Ky. Stats., provides:

"Any estate may be made to commence in future 'by deed, in like manner as by will, and any estate which would be good as any executory devise or bequest, shall be good if created by deed.''

It is earnestly insisted that Arnett Pritchett may die leaving a child or children surviving him; that such child will at his father's death, under the deed, take the property and that Houston will not get a good title under his deed from Arnett Pritchett.

This depends primarily upon the proper construction of the deed which was made between Arnett Pritchett and his mother. By it she conveys her dower interest to him and his wife during their lives and then he and his wife convey this dower land to her in case they die leaving no child of Arnett. The meaning of the deed so far is that the mother vests in them her life estate, and to protect the mother from their death without issue they convey the dower land to her, to take effect in case they die without such issue surviving them. The only uncertainty in the deed arises from these words at the conclusion of this paragraph:

"And the said Arnett and wife do covenant with the said Margaret that they will defend the title to the said land, that is the said remainder interest therein after the termination of said lives, leaving no child of said Arnett living, to her and her heirs forever, to this covenant they bind themselves, exe-

cutors and administrators forever, should, however, there be such child of the said Arnett living at the death of said Arnett and wife the said child or children shall have a fee simple in the said tract of land.''

The purpose of the concluding clause of this sentence is simply to limit the warranty and to show that no estate is vested in the mother to this land in case they die leaving a child of Arnett Pritchett's surviving them. These words are simply added to make clear the extent of the grant and not to vest an interest in such unborn child, for the title to the land was in Arnett Pritchett. The child would take it at his death by descent, and there is nothing in the deed evidencing an intention to take the title then out of Arnett Pritchett. A clause of this sort, which is merely a part of the warranty, will not be read as creating an estate not created by the previous part of the deed unless this is required by its language. Such is not the case here. The clause is simply a limitation upon the general warranty and does not increase the estate granted in the granting clause.

''A deed generally passes only what is named in the granting clause.'' 18 C. J. 288.

The mother had only a life estate in the land. When the mother died the title vested in the son. He then took every interest in the land vested in the mother. The deed as a whole does not show an intention to vest anything in his children. The children are named or referred to nowhere in the deed, except in the words above quoted, which are simply a limitation upon the warranty and not a grant of an estate to the children.

Judgment affirmed.